Jacob Markowitz, J.
Petitioner seeks an order directing respondents, the members of the Board of Estimate of the City of New York, to place his petition and communication to the board on its calendar for consideration and public hearing at its meeting of October 22, 1959. He originally requested that they be placed on the board’s calendar for October 8,1959. When he appeared before the board on that date, he discovered that they were not on the calendar. An oral request of the Mayor that the petition and communication be added to the calendar was denied. Petitioner thereupon made the present application to compel the board to place the petition and communication on the calendar of the board for October 22. The motion was returnable on October 20, but adjourned on that date to November 6, when it came on before me. By that time it was obviously no longer possible to grant the relief sought.
The court will not, however, rest its decision on that ground alone, for petitioner would not be entitled to the relief sought even if the date fixed by him had not yet gone by.
*404 In order to prevail, petitioner must establish that he has an absolute legal right to compel respondents to place his petition and communication on their calendar for consideration and public hearing on whatever day petitioner may select, provided only the day is one on which the board is to meet. No authority establishing such a right has been shown to exist. Section 65 of the New York City Charter (1938) authorizes the board to adopt rules for the conduct of its proceedings. Rule 13 of the board’s rules prescribes the order of business before the board, including communications and petitions from citizens. Rule 14 requires communications and petitions to be listed on the calendar in accordance with the board’s rules. Rule 30 requires the secretary of the board to prepare a calendar of the business to be presented and considered at each meeting. Rule 35 provides that all communications and petitions shall be delivered to the secretary’s office at least six days before the meeting at which they are to be presented. There is, however, no absolute requirement in the rules that the secretary place a communication or petition from a citizen on the calendar for whatever meeting day the person sending the communication or petition may fix. In the absence of language clearly making it mandatory upon the secretary to place petitions and communications on the board’s calendar for whatever meeting days the persons making them may select, it is discretionary with the board when to hear petitions and communications to it. The board’s proceedings could be seriously interfered with if any citizen could compel the board to hear his petition or communication on any meeting day he might choose to fix. The board’s calendars for certain days might, in that event, be so long that all the items on the calendar could not possibly be reached. No abuse of discretion by the board is established.
Petitioner contends that his ‘1 constitutional right to petition government has been abridged by respondents’ refusal to calendar, consider and determine his petition”. If respondents had taken the position that they would at no time calendar and consider his petition, it would be necessary to determine whether this would constitute an infringement of petitioner’s rights, as well as the question whether mandamus would lie to compel the board to consider the petition and communication. The petition, however, merely alleges that petitioner’s petition and communication were not on the calendar for October 8, 1959, the date originally requested by petitioner at the time he submitted them to the Board of Estimate, and that an oral application by the Mayor to add it to the October 8 calendar was denied. The present application, therefore, raises for determination only the *405 question whether petitioner has a constitutional or other right to compel the board to calendar and consider his petition and communication on the specific day he chooses to request. The court holds he has no such right.
Motion denied.