Aron Steuer, J.
Petitioner brings this article 78 proceeding against the Board of Estimate. The specific purpose is to direct the respondents to place a petition and communication of the petitioner on the calendar of the board for hearing. Respondents cross-moAred to dismiss the petition.
*404 The first question is whether the respondents can be compelled by judicial fiat to do what the petitioner requests. A very important factor in the determination of that question would be the fundamental character of the board, whether legislative or executive. The parties here take the position that the board is an executive body, or, at least in regard to the subject matter of this petition, acting in an executive capacity. According to our scheme of government the power of the judicial branch to substitute its mandate for executive action is strictly limited. Such an invasion of the executive prerogative is only permissible when the facts show an uneontestable right to the performance of a ministerial act (People ex rel. Wooster v. Maher, 141 N. Y. 330).
Inquiry is therefore directed to whether any ministerial act which the board is directed by law to perform has been refused. It is alleged that the board has created a body called the Slum Clearance Committee for the purpose of examining into conditions requiring slum clearance, to process applications under the Title I program of the National Housing Act and to report thereon to the board. In 1956 this committee approved a project known as the Riverside-Amsterdam Redevelopment and recommended petitioner as its sponsor. On April 9, 1959 the board received the report and deferred approval of the committee’s recommendations without date. Petitioner sent a petition to the board to be heard in connection with the project. This petition has not been added to the board’s calendar.
This is the third application made by the petitioner in this court. The first two were denied (20 Misc 2d 403). Petitioner claims that the basis of these decisions was the expectation that the board would reschedule the matter in a short time. Assuming that to be true, all that is shown is that there is no bar to the present application by virtue of a prior decision. So far the board has taken no action on the proposed project. Neither the petitioner nor anyone else can force it to act in the matter. Whether to act is one of the things the board is constituted to decide and any complaint on that score is to be remedied by the elective process only. Petitioner is not damaged in a legal sense by inaction of the board. He is very much in the position of one who seeks a contract for an improvement. If the board fails to order the improvement he cannot complain of the- exercise of discretion involved in the failure to act.
Lastly petitioner complains he has been deprived of his constitutional right to petition. And in that connection he claims that the board has failed to abide by its own rules. The rules referred to are, made by the board for expediting its own busi *405 ness. It is extremely doubtful if anyone other than a board member can be heard to complain about a violation. But certainly no complaint is tenable in the absence of prejudice.
Petitioner likens the refusal of the board to schedule his petition to a refusal of a court to entertain a suit. There is no analogy. An executive may consider as much or as little as he chooses before taking action. A judge must listen to everything pertinent before deciding. Therein lies the difference. The motion is denied.