■ In the Matter of Donald Messina et al., Petitioners, and Michael Cardo, Appellant, v Thomas Sobol, as Commissioner of Education of the State of New York, Respondent.— Mercure, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered June 23, 1989 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action and for lack of standing.

Petitioner Michael Cardo (hereinafter petitioner), a driver and traffic safety education (hereinafter DTSE) instructor, and six other individuals* brought this combined CPLR article 78 proceeding and action under State Finance Law § 123-b challenging respondent's alleged failure to mandate a specific

---

* Although each of the *pro se* petitioners filed a notice of appeal from Supreme Court's judgment, only petitioner perfected his appeal by filing and serving the record on appeal and appellant's brief *(see,* 22 NYCRR 800.9 [a]). Petitioner is not an attorney and, although he may unquestionably represent his own interests *(see,* CPLR 105 [c]; 6 NY Jur 2d, Attorneys at Law, § 38, at 493), he may represent no other party to the proceeding *(see,* Judiciary Law § 476-a [1]).

DTSE curriculum, offered free of charge to students at all senior high schools in the State. In eight separate causes of action, the petition alleges respondent's failure to enforce the provisions of Education Law § 806, which requires the Regents of the University of the State of New York to prescribe uniform State-wide courses of instruction in highway safety and traffic regulation, and discrimination and denial of equal protection as a result of the claimed unequal offering of DTSE programs in New York high schools; that Vehicle and Traffic Law § 507 (1), which authorizes local school districts to contract with commercial driving schools to provide the "behind-the-wheel" component of DTSE courses, is unconstitutional, violates Education Law § 6306 (7) and collective bargaining rights under Civil Service Law § 203 and causes wage depression; that the charging of tuition for DTSE courses violates the education article of the NY Constitution (art XI, § 1), which establishes free public education; and the unconstitutional denial of the claimed right to equal compensation and collective bargaining rights of certain DTSE instructors who teach outside of the regular school day, in summer sessions or in a substitute status. A motion by respondent to dismiss the petition for failure to state a cause of action and for lack of standing was granted by Supreme Court and petitioner now appeals.

We affirm. Initially, we agree with respondent's threshold contention that petitioner, an employed full-time DTSE instructor, lacked standing with respect to each of the causes of action asserted in the petition, for he is unable to show that respondent's actions have actually harmed him and that the interest which he asserts is arguably within the zone of interest to be protected (see, Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9). Clearly, the statutory and constitutional provisions relied upon by petitioner are intended for the primary benefit of students and school districts within the State. Incidental benefits to the State's highway users and owners of insured vehicles will not confer standing because "more is required than merely the interest of the general public-at-large" (Matter of Sheehan v Ambach, 136 AD2d 25, 28, lv denied 72 NY2d 804; see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 413). Moreover, the claim of economic injury to DTSE instructors is unavailing since lost income is insufficient to establish standing unless the challenged statute reveals that such protection was within the legislative purpose (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra, at 415; Matter of

*Sheehan v Ambach, supra).* Finally in this regard, we reject petitioner's claim of standing as a citizen taxpayer pursuant to State Finance Law § 123-b since petitioner has not demonstrated the involvement of State funds *(see, Weimer v Board of Educ.,* 52 NY2d 148, 152, n 2; *see also, Matter of Sullivan v Siebert,* 70 AD2d 975).

Were we to address the merits of the petition, the result would be no different. Petitioner's unsupported assumption that DTSE is the course of instruction in "highway safety and traffic regulation" mandated by Education Law § 806 (1) is simply incorrect. Respondent has established compliance with the statute by implementation of a different uniform State-wide mandatory program of safety education *(see,* 8 NYCRR 107.1) in primary and secondary schools throughout the State. Contrary to petitioner's assertion, there is no constitutional right to an equal and uniform education *(see, San Antonio School Dist. v Rodriguez,* 411 US 1; *Board of Educ. v Nyquist,* 57 NY2d 27, *appeal dismissed* 459 US 1138). Thus, each individual school district is free to elect whether to offer DTSE and, if it is offered, whether it should be offered within or outside the regular school schedule and the charge to be imposed, if any. Petitioner's remaining substantive claims lack even colorable merit and need not be considered.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.