■ In the Matter of NEW YORK STATE ASSOCIATION OF PROFESSIONAL LAND SURVEYORS et al., Appellants, v STATE OF NEW YORK DEPARTMENT OF LABOR et al., Respondents.—Yesawich, Jr., J. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered February 13, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for, *inter alia*, lack of standing, and (2) from an order of said court, entered February 13, 1990 in Albany County, which denied petitioners' motion to, *inter alia*, convert this proceeding into an action for a declaratory judgment.

On April 6, 1989, the Commissioner of Labor issued an informational bulletin which indicated that public works contracts for consulting engineer survey work, which includes feasibility and preliminary design surveying, awarded after July 1, 1989 would be subject to the prevailing wage and supplemental rate requirements of Labor Law § 220. Shortly thereafter, petitioners, two State nonprofit membership corporations comprised of consulting engineering and land surveying firms, commenced this CPLR article 78 proceeding. Petitioners sought a judgment determining that respondents' action was arbitrary, capricious and an abuse of discretion, and permanently enjoining respondents from applying the bulletin's directive. Supreme Court concluded, *inter alia*, that petitioners lacked standing and granted respondents' motion to dismiss the petition. Petitioners thereafter sought reargument or, alternatively, to convert the article 78 proceeding to one for declaratory judgment. Both requests were denied; petitioners have appealed.

Standing, a key element of justiciability, requires that a party demonstrate, at the outset of any suit, a stake in its resolution. In particular, standing requires that a litigant seeking to be relieved of a challenged administrative determination show that the determination will adversely affect an interest of his and that the interest he asserts is one the implicated statute protects *(Matter of Dairylea Coop. v Walk-*

*ley,* 38 NY2d 6, 9). Only where the legislative intent to negate review is clear or injury in fact is lacking should standing be denied *(supra,* at 11). Here, there is no evidence that the administrative action contemplated by respondents will have a harmful effect on petitioners *(cf., Matter of Bradford Cent. School Dist. v Ambach,* 56 NY2d 158, 164). The petition merely alleges that "[p]etitioners and their members will suffer substantial and irreparable damage as a result of [respondents' bulletin]"; it does not particularize the adverse impact of the agency's action on the individuals that petitioners represent *(see, Matter of Dental Socy. v Carey,* 61 NY2d 330, 334). Furthermore, petitioners have not submitted any documents in opposition to respondents' motion delineating a cognizable injury.

Moreover, petitioners failed to redress this pleading shortcoming in their subsequent reargument request. In their letter request, petitioners conclusorily state that: "[R]espondents are currently enforcing [the bulletin] to survey work contracted out to Professional Engineering Consultants. Contractors submitting bids must first ensure that their wage rates comply with respondents' wage schedules. Contractors who do not pay the prevailing wage will be unable to participate in the process. Those that do pay the prevailing wage, *e.g.,* those who choose not to risk fines, debarment, etc. will have to pay the prevailing wage required by the respondents. Thus, whether a contractor pays or does not pay the prevailing wage, he will suffer an 'injury'." Borrowing an insightful sentiment expressed by respondents, we find this to be nothing more than "an abstract attack, brought in a factual vacuum". Petitioners have not set forth any specific injury occasioned by respondents' informational bulletin interpreting the prevailing wage law; all they have done is mount a general challenge to it. That is not enough to establish standing to maintain this proceeding *(see, Matter of Associated Gen. Contrs. v Roberts,* 122 AD2d 406, 407). And as no justiciable controversy exists, petitioners' request to have this proceeding converted to one for declaratory judgment was properly denied *(see, supra).*

Judgment and order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.