■ JAMES P. CARUSO, as President of the New York State Conference of Mayors and Other Municipal Officials, Appellant, v STATE OF NEW YORK et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Keniry, J.), entered July 24, 1991 in Albany County, which granted defendants' motion to dismiss the complaint for lack of standing and failure to raise a justiciable controversy.

Plaintiff commenced this declaratory judgment action as President of the New York State Conference of Mayors and Other Municipal Officials (hereinafter NYCOM), an unincorporated voluntary association whose membership consists, according to plaintiff's complaint, of 53 of New York's 62 cities and 472 of the State's 555 villages. Plaintiff contests the constitutional validity of General Municipal Law article 11-A which authorizes municipalities to provide their volunteer firefighters with certain financial incentives in the form of service award programs. Article 11-A permits political subdivisions which control a volunteer fire department to establish award programs by both a 60% vote of its governing board and approval of eligible voters of the subdivision in a mandatory referendum (see, General Municipal Law § 216). Once established, a program can be abolished or amended in the same manner in which it was created (see, General Municipal Law § 216 [3] [d]).

Plaintiff alleges that General Municipal Law article 11-A is unconstitutional and invalid on four grounds: (1) it permits subsequent impairment or diminishment of an established pension benefit in violation of article V, § 7 of the NY Constitution, (2) it was enacted without constitutional authorization, (3) it permits a gift of public funds in violation of article VIII, § 1 of the NY Constitution, and (4) it permits creation of an unauthorized local pension in violation of Retirement and Social Security Law § 113. Defendant State of New York moved to dismiss the complaint for lack of standing and lack of a justiciable controversy. Defendants Association of Fire Districts of the State of New York and its former president were allowed to intervene and joined in the State's motion. Plaintiff opposed the motion. Supreme Court granted the

motion, finding no justiciable controversy and that plaintiff lacked standing. This appeal by plaintiff ensued.

An organization such as NYCOM may have standing to maintain an action on behalf of its members provided that "some or all of the members themselves have standing to sue, for standing which does not otherwise exist cannot be supplied by the mere multiplication of potential plaintiffs" *(Matter of Dental Socy. v Carey,* 61 NY2d 330, 333; *see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 775). Second, the association must demonstrate that the interests it asserts are germane to its purposes so as to satisfy the court that it is an appropriate representative of those interests *(supra; see, Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7). Finally, neither the relief requested nor the claims asserted must require participation of the individual members *(Society of Plastics Indus. v County of Suffolk, supra,* at 775; *Matter of Dental Socy. v Carey, supra,* at 334).

Plaintiff's complaint fails to satisfy the first criterion for standing. As a determinative threshold matter, plaintiff has not demonstrated that some or all of its members themselves would have standing to bring this action. NYCOM's membership is made up of cities and villages which, as political subdivisions of the State, may not themselves raise these constitutional challenges to an act of the State Legislature *(see, Jeter v Ellenville Cent. School Dist.,* 41 NY2d 283, 287; *Town of Black Brook v State of New York,* 41 NY2d 486, 487-488). We thus conclude that plaintiff does not have standing in his representative capacity to raise the constitutional challenges contained in the first three causes of action. Additionally, while plaintiff, acting in a representative capacity, may raise questions of statutory interpretation as are found in the fourth cause of action *(see, Jeter v Ellenville Cent. School Dist., supra,* at 287), he has not demonstrated that any of NYCOM's members have adopted an award program and thus has not shown that any of its members have suffered any injury in fact or aggrievement *(see, Society of Plastics Indus. v County of Suffolk, supra,* at 772-773).

Finally, plaintiff has not demonstrated that NYCOM in fact represents the views of the municipalities and the interests it seeks to protect *(see, Matter of Douglaston Civic Assn. v Galvin, supra,* at 7).

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.