[611 NYS2d 370]

In the Matter of PROFESSIONAL INSURANCE AGENTS OF NEW YORK STATE, INC., et al., Appellants, v NEW YORK STATE INSURANCE DEPARTMENT et al., Respondents.

Third Department, April 28, 1994

### APPEARANCES OF COUNSEL

*DeGraff, Foy, Holt-Harris & Mealey,* Albany *(James T. Potter* of counsel), for appellants.

*G. Oliver Koppell, Attorney-General,* Albany *(Daniel Smirlock* and *Peter G. Crary* of counsel), for New York State Insurance Department, respondent.

*Susan E. Weiner,* New York City *(Helene Fromm* of counsel), for Metropolitan Transportation Authority, respondent.

### OPINION OF THE COURT

WHITE, J.

In response to an inquiry from respondent Metropolitan Transportation Authority (hereinafter MTA), respondent State Insurance Department issued an informal legal opinion on April 30, 1991 that MTA's proposed renovation projects for the Grand Central Terminal and the Pennsylvania Station in New York City fall within the statutory exception to the prohibition against the use of wrap-up insurance* by public authorities contained in Insurance Law § 2504 (a) (1). Subsequently, petitioners, who are trade groups composed of insurance agents and brokers located throughout New York, commenced this proceeding/action challenging the April 30, 1991 opinion and seeking a declaration that the proposed projects do not fall within the statutory exception. The Insurance Department and respondent Superintendent of Insurance moved, *inter alia,* to dismiss the petition/complaint for lack of standing. Petitioners responded by cross-moving for leave to serve an amended petition/complaint adding as a petitioner the Associated General Contractors of America, New York State Chapter (hereinafter AGC), a trade group whose members include contractors who have been awarded major public

---

* Wrap-up insurance refers to the practice of procuring one policy of insurance to cover the performance of the general contractor and all of its subcontractors through one agent designated by the public authority.

improvement contracts in New York. Supreme Court dismissed the petition/complaint, finding that neither petitioners nor AGC had standing. This appeal ensued.

To have standing, an association or organization must meet a tripartite test *(see, Matter of Dental Socy. v Carey,* 61 NY2d 330, 333-334). First, "some or all of the members themselves [must] have standing to sue" *(supra,* at 333; *see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 775). Second, "the association must demonstrate that the interests it asserts are germane to its purposes" *(Caruso v State of New York,* 188 AD2d 874, 875). Finally, it must be evident that neither the asserted claim nor the appropriate relief requires the participation of the individual members *(supra).*

With respect to the first requirement, an individual has standing to challenge administrative actions if he or she is within the "zone of interests" sought to be protected by the statutory provision under which the agency acted and such individual has suffered an injury in fact as the result of the administrative action or inaction *(see, Society of Plastics Indus. v County of Suffolk, supra,* at 772-773; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). Petitioners maintain that they satisfy these requirements because the use of wrap-up insurance will result in a loss of revenue to their members whose interests were sought to be protected by Insurance Law § 2504. To support this claim, petitioners refer to the legislative history contained in the Bill Jacket to former Penal Law § 442-c, the language which is now encompassed in Insurance Law § 2504 *(see,* Bill Jacket, L 1966, ch 836). Included therein are memoranda and letters setting forth the position of the insurance industry and urging passage of the bill primarily for economic reasons.

A party's advocacy of legislation in which it has an economic interest does not confer standing unless it is shown that the protection of such interest was within the legislative purpose *(see, Matter of Messina v Sobol,* 159 AD2d 916, 917, *appeal dismissed* 76 NY2d 845; *Matter of Sheehan v Ambach,* 136 AD2d 25, 28, *lv denied* 72 NY2d 804). To ascertain legislative purpose, the language of the statute must be examined *(see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 496; McKinney's Cons Laws of NY, Book 1, Statutes § 96). A reading of Insurance Law § 2504 (a) (1) establishes that its purpose is to prevent public corporations or authorities from curtailing the right of contractors to deal with an insurance agent or broker of their choice. Moreover, the memorandum of

one of the Assembly sponsors of legislation enacting Penal Law former § 442-c speaks only of the claimed deleterious effects that wrap-up insurance has on contractors without mentioning the interest of insurance agents *(see,* Mem of Assembly Member Hausbeck, Bill Jacket, L 1966, ch 836). Thus, we conclude that the purpose of Insurance Law § 2504 (a) (1) is to protect contractors, not the economic interests of insurance agents. Therefore, petitioners' members and, by extension, petitioners lack standing to maintain this proceeding.

Apparently sensing their vulnerability in the face of the motion to dismiss, petitioners sought to overcome the standing problem by adding AGC as a petitioner. AGC satisfies the "zone of interests" test because its members include contractors who have worked on major public improvement projects in New York. AGC has failed, however, to establish that its members have suffered an injury in fact, as its allegation that its members "will be adversely affected by any decisions which improperly limit the breadth and scope of [Insurance Law § 2504]" is conjectural and fails to particularize the adverse impact the Insurance Department's action has had on its members *(see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433; *Matter of Gilkes v New York State Div. of Parole,* 192 AD2d 1041, 1042, *lv denied* 82 NY2d 654; *Matter of New York State Assn. of Professional Land Surveyors v State of N. Y. Dept. of Labor,* 167 AD2d 735, 736). Accordingly, we find that AGC also lacks standing to maintain this proceeding.

It is not necessary to consider petitioners' cross motion in light of our finding that AGC lacks standing. For these reasons, we affirm the judgment of Supreme Court.

CARDONA, P. J., MERCURE, WEISS and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.