■ In the Matter of INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION No. 6, AFL-CIO, et al., Petitioners, v STATE OF NEW YORK et al., Respondents. [719 NYS2d 773] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law § 220) to review a determination of respondent Commissioner of Labor which ruled that respondents Cortland Glass Company, Inc. and Warren Wheeler T/A W. Wheeler Construction had not failed to pay prevailing wages and supplements.

Petitioners, unions representing ironworkers, commenced this CPLR article 78 proceeding in this Court pursuant to Labor Law § 220 (8) to review a determination by respondent State Department of Labor and its Commissioner pertaining to wages paid to nonunion employees on two public works projects. Respondent Cortland Glass Company Inc. (hereinafter Cortland) entered into public works contracts with the West Seneca Central School District and Cheektowaga Central School District which involved, *inter alia*, the installation of metal preglazed and open window units into masonry openings by attaching trim clips to masonry blocks in the window openings and fastening the metal window units to the trim clips. Cortland subcontracted this work to respondent Warren Wheeler T/A W. Wheeler Construction (hereinafter Wheeler).

Thereafter, Thomas Michaels, business agent for petitioner International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 6, AFL-CIO, filed complaints under Labor Law § 220 (7) with the State Bureau of Public Works (hereinafter the Bureau) claiming that Cortland and Wheeler were improperly paying the workers performing the window installations on each project the wages of glaziers instead of the prevailing wages for ironworkers. The Bureau's investigation resulted in findings in each case that the work performed was that of ironworkers and that the workers who were paid glaziers' wages were not paid the correct prevailing wage. A hearing was then held pursuant to Labor Law § 220 (8) before a Hearing Officer, who issued a report and recommendation to the Commissioner concluding that Cortland and Wheeler did not underpay their workers as the work was properly that of glaziers. The Commissioner issued a determination confirming and adopting the Hearing Officer's report and dismissed the violations against Cortland and Wheeler.

Petitioners then commenced this proceeding pursuant to

Labor Law § 220 (8) seeking review of the Commissioner's determination. Petitioners argue that they have standing to bring this proceeding, that all necessary parties have been joined, that this Court has jurisdiction over this matter because it is a prevailing wage dispute rather than a union jurisdictional dispute, that the Hearing Officer erred in allowing testimony from nonunion contractors regarding the classification of window installation work and that the Hearing Officer's report and recommendation as adopted by the Commissioner's order and determination that the window installation work on the projects at issue was properly classified as glaziers work is not supported by substantial evidence. We find the issue of petitioners' standing dispositive, requiring dismissal of the proceeding.

Initially, we acknowledge that our orders entered in this case on March 22, 2000 and May 10, 2000 which denied motions made by Cortland to dismiss this proceeding based on petitioners' lack of standing and by Wheeler to dismiss this proceeding on multiple grounds, including lack of standing, did not reserve to the parties the right to further brief and argue the issues raised in the motions in the substantive portion of this proceeding. However, despite the absence of such language in the orders, the parties, save the State respondents, fully briefed and argued the standing issue (and the other issues raised in Wheeler's motion) in this proceeding. While, on this record, we reject the State respondents' position that our earlier orders are the law of the case precluding further review of the standing issue, we also point out that "[e]very court retains a continuing jurisdiction generally to reconsider any prior intermediate determination it has made" (*Aridas v Caserta*, 41 NY2d 1059, 1061; *see, Liss v Trans Auto Sys.*, 68 NY2d 15, 20; *Hudson City Sav. Inst. v Burton*, 99 AD2d 871, 872).

Turning to the issue of standing, we note that "[w]hether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which must be considered at the outset of any litigation" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9) and standing requires from the outset that a party show a stake in the resolution of litigation (*see, Matter of New York State Assn. of Professional Land Surveyors v State of N. Y. Dept. of Labor*, 167 AD2d 735). Petitioners assert that they have statutory standing under Labor Law § 220 (8) as "any party aggrieved" by the Commissioner's decision that the window installers on these projects were correctly paid the prevailing wages of glaziers and that the statute does not demonstrate "clear legislative intent negating review" of their chal-

lenge (*see, Matter of Dairylea Coop. v Walkley, supra,* at 11; *see also, Matter of Kirmayer v State of N. Y. Civ. Serv. Commn.,* 236 AD2d 705, 706, *lv denied* 89 NY2d 815). Petitioners also assert common-law standing, arguing that they suffered an "injury in fact" (*see, Matter of Hoston v New York State Dept. of Health,* 203 AD2d 826, 827, *lv denied* 84 NY2d 803) from the Commissioner's determination (*see, Matter of Dairylea Coop. v Walkley, supra,* at 11).

The statute under which petitioners assert standing, Labor Law § 220 (8), was amended in 1988. The amendment, *inter alia,* replaced the phrase "any party to the proceeding aggrieved thereby may review the said proceeding" with language which reads that "any party aggrieved thereby may commence a proceeding for the review thereof," and clarified the manner of commencement of such a proceeding by replacing the language stating that "[s]aid appeal shall be directly to" with "[s]aid proceeding shall be commenced directly in" the Appellate Division of the Supreme Court (*see,* L 1988, ch 314, § 1). Petitioners claim that although they were not a party to the administrative hearing, they are a "party aggrieved thereby" as set forth in the 1988 statutory amendment and thus have standing to bring the instant judicial proceeding, prompting an analysis of the legislative intent of that amendment.

The starting point for our analysis is the language of the statute itself (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583). Labor Law § 220 (8) authorizes a "party aggrieved" to commence a proceeding thereunder, while Labor Law § 220 (7) permits a complaint seeking to initiate a compliance investigation to be filed by any "person interested" or any "employee organization." The different characterization of those entitled to commence proceedings under Labor Law § 220 (8) and Labor Law § 220 (7) belies petitioners' claim that one filing a complaint under Labor Law § 220 (7) becomes a "party aggrieved" by an adverse determination of the Commissioner and thereby acquires standing to initiate the proceeding seeking judicial review of that administrative determination permitted by Labor Law § 220 (8).

A review of the legislative history of the 1988 amendment to Labor Law § 220 (8) contained in the record reveals that the purpose of the amendment, introduced at the request of the Office of Court Administration, was to clarify the procedure for judicial review of a prevailing wage case (*see,* Mem of Senator James J. Lack, Bill Jacket, L 1988, ch 314; Mem of Off of Ct Admin, Bill Jacket, L 1988, ch 314). Petitioners claim that this amendment broadened the right to seek review under the stat-

ute, citing a different portion of the same legislative history (*see*, Mem of Dept of Civ Serv Deputy Commr and Gen Counsel, Bill Jacket, L 1988, ch 314). That memorandum, however, acknowledged that the courts "maintain[ed] considerable ability * * * to limit the scope of participants" by the use of the word "party" (*id.*). We disagree with petitioners' argument that the 1988 amendment to Labor Law § 220 (8) did or was intended to broaden the right to seek judicial review to anyone other than a party to the administrative proceeding, finding nothing in the amended language of the statute, the legislative history of the 1988 amendment or case law subsequent thereto which would prompt us to reconsider our preamendment interpretation of Labor Law § 220 (7) and (8) set forth in *Matter of Yerry v Goodsell* (4 AD2d 395, *affd* 4 NY2d 999), where we held that the procedure set forth in Labor Law § 220 (8) "was not designed to provide a method of enforcing the prevailing rate of wages statute generally" but "was adopted solely for the purpose of providing the employees on the job with an effective administrative remedy" (*id.*, at 398).

Next, we find that petitioners have failed to establish common-law standing independent of the statutory standing which may be conferred by Labor Law § 220 (8). This standing to challenge an administrative determination requires a "show-[ing] that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9, *supra*). Although Thomas Michaels, business agent for one of the petitioners, filed the complaints with the Bureau which triggered the compliance investigations under Labor Law § 220 (7) and testified that he did so to get his union members work on these projects, neither the petition nor petitioners' brief claims that any of the workers that were paid glaziers' wages were members of the petitioners. Accordingly, there has been no demonstration of individualized harm befalling any union member, a required showing to establish standing on behalf of a union member (*see*, *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals*, 69 NY2d 406, 413), and unless its members have standing, petitioners may not claim standing as their organizational representatives (*see*, *Matter of MFY Legal Servs. v Dudley*, 67 NY2d 706, 708; *Matter of Dental Socy. v Carey*, 61 NY2d 330, 333; *see also*, *Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145). Having determined that petitioners have neither statutory nor common-law standing to maintain this proceeding, requiring dismissal of the petition, we need not address petitioners' remaining claims.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the petition is dismissed, without costs.