OPINION OF THE COURT
Kaye, J.
 Respondent, the Dental Society of the State of New York, an organization of all but a small percentage of the State’s licensed dentists, by an article 78 proceeding on *333 behalf of its members sought a judgment mandating appellants (the Governor, the Commissioner of the Department of Social Services, and the Commissioner of the Department of Health) to increase the Medicaid dental fee reimbursement schedule. Both the standing of respondent and the justiciability of the claim were challenged below. While Special Term dismissed the petition on the ground that the matters raised are for the Legislature, not the courts, the Appellate Division reversed and reinstated the petition, concluding that respondent has standing and that the petition states a cause of action. We now affirm.
Respondent’s petition asserts that, in electing to adopt the Federal Medicaid law and Federal cost-sharing, the State Legislature in the Social Services Law declared its objective to offer a comprehensive program of high quality dental care for the needy, and that the legislative intention has been undermined by appellant’s refusal to fix a realistic dental fee reimbursement schedule. While the schedule promulgated in 1966 was reasonably related to the actual cost of delivering dental services and induced a great many dentists to provide such services, the petition alleges that owing to skyrocketing costs the dental fee reimbursement schedule is now inadequate, discouraging dentists from participating in the program and frustrating the mandate of the Medicaid law. According to the petition, because of an outdated reimbursement schedule, only 5% of the licensed dentists in this State are Medicaid providers, thus depriving the needy of the equal access to dental services envisioned by the Medicaid law and Social Services Law. The relief requested is a judgment mandating the revision of the reimbursement schedule to a level reasonably reflecting the current cost of delivering dental services.
The standing of an organization such as respondent to maintain an action on behalf of its members requires that some or all of the members themselves have standing to sue, for standing which does not otherwise exist cannot be supplied by the mere multiplication of potential plaintiffs. Additionally, the interests which the organization seeks to protect must be germane to its purposes, the court should be satisfied that the organization is an appropriate one to act as the representative of the group whose rights it is *334 asserting, and neither the relief requested nor the claims asserted must require participation of the individual members. (Hunt v Washington State Apple Adv. Comm., 432 US 333.) It is enough to allege the adverse effect of the decision sought to be reviewed on the individuals represented by the organization (Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1, 7); the complaint need not specify individual injured parties. (National Organization for Women v State Div. of Human Rights, 34 NY2d 416.)
Respondent’s petition satisfies these criteria for standing. First, it is plain from the petition that certain of respondent’s members would themselves have standing to bring this proceeding. To have standing to challenge the Medicaid reimbursement schedule an individual must be within the zone of interest to be protected by the legislation and must suffer injury from administrative action or inaction. (Matter of Bradford Cent. School Dist. v Ambach, 56 NY2d 158, 164; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9.) In the case of actual Medicaid providers, clearly within the zone of interest (Singleton v Wulff, 428 US 106, 112-113), injury in fact need not be demonstrated by out-of-pocket loss. Medicaid providers, who are subject to pecuniary loss if adequate reimbursement schedules are not established, suffer injury in fact if the body charged with setting the proper schedules fails to do its job. “Put another way, the failure properly to conduct the required review (which guarantees that plans which do not meet statutory and regulatory criteria will not be given effect) in itself constitutes injury in fact.” (Hospital Assn. v Toia, 438 F Supp 866, 870, affd 577 F2d 790; see, also, Coe v Hooker, 406 F Supp 1072, 1080.) Respondent alleges that its members include virtually every licensed dentist in the State, and licensed dentists are the sole providers of dental services under Medicaid. Where the organization represents nearly every practicing dentist, its numbers of necessity include providers of Medicaid services, who individually have standing to maintain this claim.
The remaining criteria for association standing similarly appear, from the face of the petition, to be satisfied. The interests sought to be protected by this proceeding are germane to the organization’s purpose, and the organiza *335 tion is an appropriate one to act in a representative capacity. The petition alleges both the individual interest of its provider-members in meeting the escalating costs of delivering dental services and the collective professional interest of dentists in wider participation to make the program effective so that indigent recipients will receive the dental care to which they are entitled. Finally, nothing in the relief requested or the cause of action asserted requires the participation of individual dentists. Respondent thus is a proper person to bring this proceeding.
Appellants’ attack on the justiciability of the claim is likewise misdirected. Appellants’ concerns that the courts are ill equipped to fix reimbursement rates for individual dental services or will be embroiled in the allocation of limited financial resources (see Jones v Beame, 45 NY2d 402) misperceive the thrust of the petition. Respondent does not ask the courts to set fees for dental work or allocate the State’s budget for such services. The question is whether the reimbursement schedule promulgated by the State meets the test set forth in the applicable Federal regulations to which the State, having elected to participate in the program, must conform:
“Each service must be sufficient in amount, duration and scope to reasonably achieve its purpose.” (42 CFR 440.230 [b].)
“The [State] agency’s payments must be sufficient to enlist enough providers so that services under the plan are available to recipients at least to the extent that those services are available to the general population.” (42 CFR 447.204.)
Whether administrative action violates applicable statutes and regulations is a question within the traditional competence of the courts to decide. The relief requested by respondent requires the court neither to fix rates for dental services nor to determine budgetary priorities, and we agree with the court below that, if respondent were to establish its contentions, adequate relief could be afforded without judicial encroachment on executive or legislative prerogatives.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified questions answered in the negative.