OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
This is an article 78 proceeding in the nature of prohibition *708 instituted by petitioner, a not-for-profit legal services corporation, against respondents, Justices of the Appellate Term, First Department. Petitioner seeks to prohibit respondents from issuing ex parte orders that (1) direct entry of final judgment pursuant to CPLR 5704 (b) in summary proceedings seeking possession of real property or (2) forbid Civil Court Judges from holding inquests in such proceedings. Although several issues are presented on appeal, the issue of standing is dispositive.
Petitioner does not have standing to maintain this proceeding in its own right because it has failed to demonstrate that it has suffered any injury in fact as a result of respondents’ actions (see, Matter of Dental Socy. v Carey, 61 NY2d 330, 334). Its claim that the entry of default judgments without inquests results in a greater demand for its services than holding inquests is too speculative to give rise to a cognizable interest and its large volume of litigation in landlord-tenant disputes does not confer standing upon it. In so urging, petitioner relies on Matter of Morgenthau v Cooke (56 NY2d 24) but that decision does not support its contention. In Morgenthau we held that the District Attorney had standing to challenge the manner of designating Judges to the Supreme Court in New York City not because of the large volume of litigation he engaged there but because as a public officer of those courts he had a duty to ensure that the appointment of judges complied with constitutional requirements (see, id., at p 30). Finally, no "impenetrable barrier”, the situation mentioned in Boryszewski v Brydges (37 NY2d 361, 364), prevents judicial scrutiny of respondents’ actions if we refuse to accord petitioner standing because the issues raised on this appeal can be presented on a motion to vacate the default judgment (CPLR 5015 [a]) and on an appeal from a denial of that motion.
Petitioner also lacks standing to proceed as a representative of its clients. National Org. for Women v State Div. of Human Rights (34 NY2d 416), Matter of Douglaston Civic Assn. v Galvin (36 NY2d 1) and Matter of Dental Socy. v Carey (61 NY2d 330, supra), relied upon by petitioner, are to be distinguished because in each of those cases at least one member of the association had standing whereas here none of petitioner’s lawyer members has standing. Unless its members have standing, petitioner can claim none as their representative (see, Matter of Dental Socy. v Carey, supra, at p 333). In reality, what petitioner is attempting to do is to sue on its own behalf for a declaration of its potential clients’ rights and *709 it may not do so (see, Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 15; Hiscock Legal Aid Socy. v Hennessy, 101 Misc 2d 1046, 1048-1049, affd 78 AD2d 775, lv denied 52 NY2d 703).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Judgment affirmed, without costs, in a memorandum.