[649 NYS2d 516]

In the Matter of BUSHWICK PARENTS ORGANIZATION, Appellant,
v RICHARD P. MILLS, as Commissioner of Education of the
State of New York, et al., Respondents.

Third Department, November 7, 1996

## APPEARANCES OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison,* New York City *(Robert S. Smith, Dina Gerber Huebner* and *Joseph P. Verdon* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Wayne L. Benjamin* and *Mara B. Ginsberg* of counsel), for Richard P. Mills, respondent.

*Sandra Del Valle,* New York City, for Aspira of New York, Inc., respondent.

## OPINION OF THE COURT

WHITE, J.

Petitioner is an organization of parents whose children attend public schools in Community School District No. 32, located in New York City in the Bushwick section of Brooklyn. Petitioner's primary contention in this proceeding is that respondent Commissioner of Education is violating the mandate of Education Law § 3204 (2) by routinely and improperly extending a three-year time limitation on bilingual education to vast numbers of students in the New York City public school system.

Education Law § 3204 (2) and (2-a), as it pertains to this proceeding, provides that English shall be the language of instruction, except for pupils who have limited English proficiency, and that for these students a program of, *inter alia*, bilingual education shall be provided for a period of three years. The statute further provides that this three-year period may

be extended by the Commissioner with respect to individual pupils for a period not to exceed six years upon application by the appropriate school authorities. This statute is implemented by 8 NYCRR 154.2, and subdivision (a) (4) thereof provides that from the 1990-1991 school year and thereafter, pupils who score at or below the 40th percentile on an English language assessment test may have the three-year period extended by the Commissioner in accordance with Education Law § 3204 (2).

We also note that as a result of an earlier class action lawsuit brought in Federal court by Aspira of New York, Inc., an intervenor in this proceeding, the New York City Board of Education is subject to a consent decree which requires it to establish bilingual education programs for Spanish-speaking students in the New York City schools and involves the evaluation and classification of all students who are Spanish speaking or Spanish surnamed.

Petitioner maintains that despite the language of Education Law § 3204 (2), which concedingly refers to individual pupils, the Commissioner routinely authorizes extensions to many thousands of students who are in the bilingual education program in the New York City public schools in an arbitrary and capricious manner without giving consideration to the needs of the individual pupils; as a result, children are being subjected to an additional three years of bilingual education, which petitioner contends does not adequately prepare them for life in the English-speaking community.

■ The Commissioner first argues that this matter is not a justiciable issue since petitioner is asking Supreme Court to direct the Commissioner on how to manage the bilingual education program and the court cannot usurp the Commissioner's authority to determine the manner in which he exercises his authority. We reject this contention since we find a real and substantial controversy which is appropriate for judicial determination. Whether administrative action violates applicable statutes and regulations is a question within the traditional competence of the courts to decide where relief can be afforded without judicial encroachment on executive or legislative prerogatives (*see, Matter of Dental Socy. v Carey*, 61 NY2d 330, 335; *see also*, Black's Law Dictionary 777 [5th ed 1979]).

■ The record indicates that the Language Assessment Battery (hereinafter LAB) test is used to assess each pupil's proficiency in English and is given annually to pupils in the bilingual program under the aegis of the New York City Board of

Education. The Board of Education then submits to the Commissioner the names of those pupils who score at or below the 40th percentile for whom they are seeking an extension, and it is undisputed that the Commissioner routinely grants these extensions pursuant to 8 NYCRR 154.2 (a) (4). Therefore, it is clear that the pupils take the LAB test individually, their scores are listed individually and submitted to the Commissioner, and thus an extension granted under the aforementioned regulation is based on individual test results attained by each pupil in his or her individual capacity. Although there is no question that the students are not tested in a private, individual setting and the Commissioner does not make a determination on a separate, explicit case-by-case basis, given the realities of the size and complexity of the educational system in the New York City public schools, we find that the Commissioner is complying with Education Law § 3204 and the corresponding regulations. Construction given statutes and regulations by the agency charged with the responsibility for their administration, if not unreasonable, should be afforded deference.

Therefore, we find that the procedures followed by the Commissioner in granting extensions past the three-year time limit for pupils in the bilingual education program do not violate Education Law § 3204 (2). Supreme Court thus properly dismissed the petition in this matter (*see, Matter of New York Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353, 359-360; *Matter of Salvati v Eimicke*, 72 NY2d 784, 791).

CARDONA, P. J., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the judgment is affirmed, without costs.