■ In the Matter of Pinelawn Cemetery, Inc., Respondent, v Board of Assessors and Board of Assessment Review of Town of Babylon et al., Appellants. [752 NYS2d 95] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Assessors and Board of Assessment Review of the Town of Babylon increasing the land component of the petitioner's real estate tax assessment from $33,750 to $118,260 for the 1996-1997 tax year, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated December 15, 2000, which, after a hearing, granted the petition and vacated the increased assessment.

Ordered that the judgment is reversed, on the facts, with costs, the petition is denied, and the assessment of the petitioner's real property is reinstated.

The subject property consists of a 225-acre tract of land within the Town of Babylon. Before 1995 the property was vacant and assessed on the rolls of the Town as "cemetery exempt" (RPTL 446). Some time during the year 1995, permits were obtained for the construction of a golf course on the subject property, the first of its kind in the Town to be assessed.

The subject property was first assessed as a golf course for the tax year 1995-1996 with a total assessed valuation of $168,750: $33,750 for the land and $135,000 for the improvements. The golf course was not completed at that time. Upon the completion of the golf course, a total final assessment of $322,440 was placed on the subject property, allocating $118,260 for land and $204,180 for improvements. The petitioner commenced the instant proceeding claiming that the increase in the land assessment for the subject property for the tax status day March 1, 1997, was a selective reassessment violative of equal protection under the State and Federal Constitutions. After a hearing, the Supreme Court determined that the land assessment of $118,260 was an unlawful and unconstitutional reassessment of the land. We reverse.

It is well established that the ultimate purpose of valuation is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc (*see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356; *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 240). Here, the evidence established that the assessor, in valuing the Town's first golf course, increased the land assessment when the golf course was fully completed and did not undertake an impermissible de novo review of the subject property (*cf. Matter of Stern v Assessor of City of Rye*, 268 AD2d 482). Under the circumstances, there was no improper reassessment of the property and the petitioner did not overcome the presumption of validity of the assessment by the taxing authorities (*see Matter of FMC Corp. v Unmack*, 92 NY2d 179). Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.