■ In the Matter of NAZARETH HOME OF THE FRANCISCAN SISTERS et al., Appellants, v ANTONIA C. NOVELLO, M.D., as Commissioner of Health of State of New York, et al., Respondents. [801 NYS2d 679]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 22, 2004 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners, 62 nursing homes in western New York, commenced this CPLR article 78 proceeding alleging, inter alia, that the methodology by which Medicaid reimbursement rates are set is arbitrary and capricious. We affirm the judgment for reasons stated in the decision at Supreme Court. We add only that petitioners lack standing with respect to their "second claim for relief," i.e., that respondents are failing to provide adequate care to "the elderly, needy and disabled New Yorkers who reside in the nursing facilities operated by [petitioners]," in violation of NY Constitution article XVII. "The standing of an organization . . . to maintain an action on behalf of its members requires that some or all of the members themselves have standing to sue, for standing which does not otherwise exist cannot be supplied by the mere multiplication of potential [petitioners]" (*Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333 [1984]), and here it cannot be said that the Medicaid recipients are members of petitioners' nursing homes. Thus, petitioners do not fall within the requisite " 'zone of interests' " sought to be protected by article XVII of the NY Constitution and thus lack standing to assert the violation of that article (*Society of Plastics Indus. v County of Suf-*

*folk*, 77 NY2d 761, 773 [1991]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.