■ In the Matter of CITIZENS ORGANIZED TO PROTECT THE ENVIRONMENT, by its Members, ROBERT BRINKMAN, and Another, Appellant, v PLANNING BOARD OF THE TOWN OF IRONDEQUOIT et al., Respondents. (Appeal No. 1.) [857 NYS2d 393]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 7, 2006 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition for lack of standing.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: We conclude with respect to the judgment in appeal No. 1 that Supreme Court properly agreed with respondents that petitioner, Citizens Organized to Protect the Environment (COPE), lacks standing to bring this proceeding and dismissed the CPLR article 78 petition challenging various determinations of respondent Planning Board of the Town of Irondequoit (Town). To establish that it had the requisite associational standing to bring the proceeding, COPE was required to establish "that at least one of its members would have standing to sue, that it is representative of the organiza-

tional purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). COPE failed to meet that burden inasmuch as its petition, which was primarily concerned with the environmental effects on property owned by Robert Brinkman and Christina Brinkman, would require the participation of the Brinkmans (*see Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333-335 [1984]). Further, petitioner failed to preserve for our review its contentions that the Brinkmans were in fact parties to the proceeding, should have been joined as necessary parties (*see* CPLR 1001 [a]), or that the petition should be amended to include them as petitioners pursuant to CPLR 3025 (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We conclude with respect to the order in appeal No. 2 that the court properly denied the motion of the Brinkmans for an order permitting them to intervene in the proceeding and directing that they be added as petitioners. The court properly rejected the contention of the Brinkmans in support of their motion that they were entitled to intervene as a matter of right because COPE's representation of their interests was inadequate and they would be bound by any judgment issued in the proceeding. "[W]hether [a] movant will be bound by [a] judgment within the meaning of [CPLR 1012 (a) (2)] is determined by its *res judicata* effect" (*Vantage Petroleum, Bay Isle Oil Co. v Board of Assessment Review of Town of Babylon*, 61 NY2d 695, 698 [1984]). The dismissal of COPE's petition based on COPE's lack of standing had no res judicata effect because the Brinkmans were not parties to the proceeding, nor were they in privity with COPE (*see Kaczmarek v Shoffstall*, 119 AD2d 1001, 1002 [1986]). We conclude in any event that res judicata does not apply because the court did not decide the merits of the petition (*see generally Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465 [1985]).

Further, we reject the contention of the Brinkmans that they were entitled to intervene by permission of the court. "CPLR 7802 (d) provides that the court may permit 'other interested persons' to intervene in a proceeding, conferring upon the court broader authority to allow intervention in an article 78 proceeding than is permitted pursuant to CPLR 1013, which requires that a claim or defense proposed to be asserted in an action involve 'a common question of law or fact' " (*Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40, 48 [2001], *lv denied* 97 NY2d 613 [2002], quoting *Ferguson v Barrios-Paoli*, 279 AD2d 396, 399 [2001]).

Intervention in a CPLR article 78 proceeding "is a matter addressed to the sound discretion of the court" (*Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854, 854 [1993], *lv denied* 83 NY2d 752 [1994]), however, and we perceive no abuse of discretion or improvident exercise of discretion inasmuch as the court concluded that intervention would unduly delay the determination of the proceeding and would be prejudicial to the Town. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.