Matter of Sullivan Farms, II, Inc. v Assessor of the Town of Mamakating (2020 NY Slip Op 00014)





Matter of Sullivan Farms, II, Inc. v Assessor of the Town of Mamakating


2020 NY Slip Op 00014


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527351

[*1]In the Matter of Sullivan Farms, II, Inc., et al., Appellants,
v
Assessor of the Town of Mamakating et al., Respondents. (And Another Related Proceeding.)

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for appellants.
Jacobowitz & Gubits, LLP, Walden (Kara J. Cavallo of counsel), for respondents.



Clark, J.P.
Appeal from an order of the Supreme Court (Schick, J.), entered July 10, 2018 in Sullivan County, which, in two proceedings pursuant to RPTL article 7, denied petitioners' motion for partial summary judgment.
Petitioners are the owners of 51 townhouses situated on .06-acre parcels of land in a gated community within the Town of Mamakating, Sullivan County. In the Town's 2016 tax assessment roll, each of the subject properties was assessed a value of $115,700, with $6,000 attributed to the land and $109,700 attributed to alleged partial improvements. For the 2017 tax year, the assessed value of each of the properties increased to $200,800, with $15,000 attributed to the land and $185,800 attributed to completed improvements. Petitioners commenced these RPTL article 7 proceedings to challenge the 2016 and 2017 assessments. Following joinder of issue and discovery, petitioners moved for partial summary judgment on those of their claims challenging the constitutionality and legality of the assessment methodology used by the Town. Supreme Court denied the motion, prompting this appeal.
Pursuant to RPTL 305 (2), real property within an assessing unit must "be assessed at a uniform percentage of value." Although there is no fixed method for determining the market value of real property, the method chosen must result in a "fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]; accord Matter of Pinelawn Cemetery v Board of Assessors & Bd. of Assessment Review of Town of Babylon, 300 AD2d 492, 493 [2002], appeal dismissed and lv denied 100 NY2d 532 [2003]; Matter of Adams v Welch, 272 AD2d 642, 643 [2000]). "[T]he creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class" (Foss v City of Rochester, 65 NY2d 247, 256 [1985]; accord Tilles Inv. Co. v Gulotta, 288 AD2d 303, 305 [2001], appeal dismissed 97 NY2d 725 [2002], lv denied 98 NY2d 605 [2002]). In other words, taxpayers need not be treated the same as all others; rather, similarly situated taxpayers must "be treated uniformly" (Foss v City of Rochester, 65 NY2d at 256; see Killeen v New York State Off. of Real Prop. Servs., 253 AD2d 792, 793 [1998]). A classification between taxpayers may, however, violate constitutional equal protection guarantees if the distinction between the classes is "palpably arbitrary" or amounts to "invidious discrimination" (Matter of Burrows v Board of Assessors for Town of Chatham, 64 NY2d 33, 36 [1984]; see Way v City of Beacon, 96 AD3d 829, 831 [2012]; Matter of Chasalow v Board of Assessors of County of Nassau, 202 AD2d 499, 501 [1994], lv denied 83 NY2d 759 [1994]).
We agree with Supreme Court that issues of fact preclude an award of partial summary judgment in favor of petitioners. Petitioners' submissions establish that their townhouses were assessed using a different methodology than the methodology used to value all other newly-constructed single-family residences in the Town — none of which was a townhouse. However, petitioners' submissions reveal that questions of fact remain as to whether the townhouses and the other single-family homes are in fact similarly situated and whether the determination to treat townhouses as a separate and distinct class of single-family residences was palpably arbitrary or involved invidious discrimination (see Nash v Assessor of Town of Southampton, 168 AD2d 102, 108 [1991]; compare Matter of Weiner v Board of Assessors & /or Assessor of Town/Vil. of Harrison, 69 AD3d 949, 950 [2010]). Accordingly, as petitioners failed to establish their entitlement to partial summary judgment as a matter of law, Supreme Court properly denied the motion.
Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.