Matter of Scarsdale Comm. for Fair Assessments v Albanese (2022 NY Slip Op 01027)





Matter of Scarsdale Comm. for Fair Assessments v Albanese


2022 NY Slip Op 01027


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2018-02584
 (Index No. 17-50542)

[*1]In the Matter of Scarsdale Committee for Fair Assessments, appellant, 
v
Nanette Albanese, etc., et al., respondents/defendants-respondents; Andrew Perlman, et al., intervenors-respondents.


Bernstein & Associates, PLLC, Scarsdale, NY (Robert B. Bernstein of counsel), for appellant.
Terry Rice (The Vincelette Law Firm, Albany, NY [Daniel G. Vincelette], of counsel), for respondents/defendants-respondents.
Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Guyon H. Knight, Marc L. Greenwald, Jennifer J. Barrett, and Kevin S. Reed of counsel), for intervenors-respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Bruce E. Tolbert, J.), dated January 5, 2018. The order and judgment granted the motion of Nanette Albanese, the Town/Village of Scarsdale, and the Town/Village Mayor and Board of Trustees to dismiss the petition/complaint in its entirety, and dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting those branches of the motion of Nanette Albanese, the Town/Village of Scarsdale, and the Town/Village Mayor and Board of Trustees which were to dismiss so much of the petition/complaint as sought a declaration that the methodology used in the 2016 final tax assessment roll violates RPTL 305 and is unconstitutional, and substituting therefor a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, with costs to the petitioner/plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on so much of the petition/complaint as sought a declaration that the methodology used in the 2016 final tax assessment roll violates RPTL 305 and is unconstitutional.
In 2012, the respondent/defendant Town/Village of Scarsdale (hereinafter the Town) conducted a reassessment of all real property within the Town in an attempt to assess the parcels at 100% of their market value. In 2016, after receiving complaints regarding the 2014 reassessment, the Town conducted a second reassessment. In January 2017, after the 2016 tax assessment roll was filed using the values from the 2016 reassessment, the petitioner/plaintiff (hereinafter the petitioner), an unincorporated association formed by a group of residents of the Town, commenced this hybrid [*2]proceeding and action seeking to, inter alia, void the 2016 tax assessment roll because the Town's methodology failed to assess a uniform percentage of value to all real property within the Town. According to the petition/complaint (hereinafter the petition), the tax assessor used a "square root formula" which resulted in larger homes being valued at less than 100% market value and smaller homes being valued at 100% or more of their market value. The respondents/defendants (hereinafter the respondents) moved to dismiss the proceeding/action, and 11 residents of the Town subsequently moved to intervene in the proceeding/action to join in the respondents' motion. The Supreme Court granted the respondents' motion and dismissed the proceeding/action, and the petitioner appeals.
"An association or organization has standing when 'one or more of its members would have standing to sue,' 'the interests it asserts are germane to its purposes,' and 'neither the asserted claim nor the appropriate relief requires the participation of the individual members'" (Matter of Melrose Credit Union v City of New York, 161 AD3d 742, 747, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775; see Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330, 333-334; Matter of Schlemme v Planning Bd. of City of Poughkeepsie, 118 AD3d 893, 894-895).
Contrary to the Supreme Court's determination, the petitioner has associational standing to seek a judgment declaring that the methodology or formula used in the 2016 reassessment violates RPTL 305 and is unconstitutional. The petitioner's members, as Town residents, would have individual standing to challenge the legality of the tax assessor's methodology (see Matter of Level 3 Communications, LLC v DeBellis, 72 AD3d 164, 173-174; Matter of Mundinger v Assessor of City of Rye, 187 AD2d 594, 595; cf. Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d 417). The interests sought to be protected by this proceeding are germane to the petitioner's purpose, and the petitioner is an appropriate organization to act in a representative capacity (see Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d at 334-335). To the extent that the petition seeks a declaration that the formula used in the 2016 reassessment is illegal as violative of RPTL 305 and is unconstitutional, such relief does not require the participation of the individual members of the petitioner (cf. Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d at 419-420).
However, to the extent that the petition also seeks other relief, including, inter alia, refunds and money damages, such requires the participation of the petitioner's individual members inasmuch as those members would be required to prove the market value of their individual homes to determine whether they would be entitled to a refund for overpayment of taxes (see e.g. Matter of Silverman v Town of Huntington, 160 AD3d 752, 753). Thus, the petitioner lacks standing to seek those remedies on behalf of its members (see Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit, 50 AD3d 1460, 1461).
The Supreme Court properly determined that the petitioner, an unincorporated association with no tax assessment from the Town, lacks standing to assert a claim again the Town under General Municipal Law § 51 (see Martin v Curran, 303 NY 276, 280; Matter of Jerkins Truck & Equip. v City of Yonkers, 174 AD2d 127, 135).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept as true the facts as alleged in the pleading and submissions in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63-64). "Whether a [petitioner] can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
Applying the foregoing standard, the petition states a cause of action alleging violation of RPTL 305. Under RPTL 305(2), real property within an assessing unit must "be assessed at a uniform percentage of value" (see Matter of Sullivan Farms, II, Inc. v Assessor of the Town of Mamakating, 179 AD3d 1176, 1176). "[R]egardless of the methodology adopted by the [*3][a]ssessor, the result must reflect the realistic value of the property so that the tax burden of each property is equitable" (Matter of Montgomery v Board of Assessment Review of Town of Union, 30 AD3d 747, 749; see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187; Matter of Hudson Prop. Owners' Coalition, Inc. v Slocum, 92 AD3d 1198, 1199). Although there is a presumption that a tax assessor's property valuations are valid, property owners may rebut the presumption through submission of substantial evidence of overvaluation (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 187; Matter of Boffa v Assessor and Bd. of Assessment Review of the City of Middletown, 154 AD3d 934, 935; Matter of Hudson Prop. Owners' Coalition, Inc. v Slocum, 92 AD3d at 1199).
Here, the petition alleges, inter alia, that the "square root formula" used by the assessor resulted in larger homes being undervalued, smaller homes being overvalued, and not all properties assessed at a uniform percentage of value. The petition, as supplemented by affidavits from the petitioner's members and empirical and statistical analyses, sufficiently stated a cause of action for violation of RPTL 305. Whether the petitioner's submissions are sufficient to establish the petitioner's allegations is not "part of the calculus in determining a motion to dismiss" under CPLR 3211(a)(7) (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 19).
Similarly, the petition sufficiently stated a cause of action alleging violations of the equal protection clauses in the State and Federal Constitutions. The creation of different classes for purposes of taxation is constitutionally permissible "as long as the classification is reasonable and the taxes imposed are uniform within the class" (Foss v City of Rochester, 65 NY2d 247, 256; see Matter of Sullivan Farms, II, Inc. v Assessor of the Town of Mamakating, 179 AD3d at 1176). "'[A] classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification'" (Trenton Bus. Assistance Corp. v O'Connell, 191 AD3d 817, quoting Terminello v Village of Piermont, 92 AD3d 673, 674). Here, the petition alleges that the owners of large and small homes are members of the same tax assessment class, and the 2016 assessment roll violated the equal protection clauses because the methodology used to create it, in effect, treated owners of larger homes more favorably than owners of smaller homes. Accepting as true the facts alleged in the petition and according the petitioner the benefit of every favorable inference, the petition, as supplemented by the petitioner's submissions, sufficiently stated a claim for violations of the equal protection clauses of the State and Federal Constitutions.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, we modify the order and judgment, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on so much of the petition as sought a declaration that the methodology used in the 2016 final tax assessment roll violates RPTL 305 and is unconstitutional.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and HINDS-RADIX, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court