| **Dicapua v City of New York** |
|:---:|
| 2023 NY Slip Op 34645(U) |
| July 18, 2023 |
| Supreme Court, Richmond County |
| Docket Number: Index No. 85035/2023 |
| Judge: Ralph J. Porzio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

_____

STEPHANIE DICAPUA, MICHAEL KANE,
WILLIAM CASTRO, MARGARET CHU,
HEATHER CLARK, SASHA DELGADO,
JOAN GIAMMARINO, ROBERT
GLADDING, CAROLYN GRIMANDO,
BENEDICT LOPARRINO, NWAKAEGO
NWAIFEJOKWU, INGRID ROMERO,
TRINIDAD SMITH, NATASHA SOLON,
AMARYLLIS RUIZ-TORO, DENNIS STRK,
and TEACHERS FOR CHOICE, individually
and on behalf of its members,

                          Plaintiffs

              -against-

CITY OF NEW YORK, and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                          Defendants

_____

Index #: 85035/2023

**DECISION & ORDER**
(Motion #3)

Upon the papers filed in support of the application and the papers filed in opposition thereto, and after hearing oral arguments it is hereby:

**ORDERED** that the branch of Defendants' motion for this case to be returned to the Clerk for reassignment to a different Judge is denied;

**ORDERED** that the branch of Defendants' motion to dismiss Petitioners' Article 78 claims pursuant to the four-month statute of limitations is denied;

**ORDERED** that the branch of Defendants' motion to dismiss Petitioners' New York City Human Rights Law (NYCHRL), New York State Human Rights Law (NYSHRL), and New York Constitution claims for failure to file notices of claim is denied;

**ORDERED** that the branch of Respondents' motion to dismiss the Petition due to *res judicata* or collateral is denied;

**ORDERED** that the branch of Respondents' motion to dismiss as to the City of New York is denied;

**ORDERED** that the branch of Respondents' motion to dismiss Petitioners' claims under the Free Exercise Clause of the New York State Constitution is denied; and it is hereby

**ORDERED** that the branch of the Respondents' motion to dismiss any and all claims as to Petitioner TEACHERS FOR CHOICE due to lack of standing is denied.

1

[*1]

## RELATEDNESS

As an initial matter this Court finds this case does involve related issues as articulated by Petitioners in their Request for Judicial intervention. Specifically, this case involves the same reasonable accommodation request process for an exemption from the New York City Department of Health and Mental Hygiene's October 20, 2021 order requiring all New York City employees to receive vaccination against COVID-19 by October 28, 2021 (hereinafter "the vaccine mandate") as well as the same appellate processes to the Citywide Panel as the Petitioners in the cases cited by these Petitioners. *See Rivicci v. New York City Fire Dept.*, 2022 N.Y. Slip Op 34070[U] (Sup Ct, Richmond County 2022, Index No. 85131/2022); *Garvey v. City of New York*, 2022 N.Y. Slip Op. 22335 (Sup Ct, Richmond County 2022, Index No. 85163/2022). Many of the issues presented in this case, specifically whether the nature of the Respondents' decisions to deny these petitioners reasonable accommodations, are the same as the issues addressed in those cases. Therefore, this Court finds that Petitioners properly designated these cases as related in filing their request for judicial intervention, and have not engaged in improper forum shopping.

In light of this, the branch of Respondents' motion is denied.

## STATUTE OF LIMITATIONS

Respondents contend that Petitioners' Article 78 claims must be dismissed based on Petitioners' failure to timely file the petition pursuant to the four-month statute of limitations under CPLR § 217. In opposition, Petitioners claim that said statute of limitations was tolled based on Petitioners prior filed federal action in *Kane v. De Blasio*, and therefore only began to run upon the dismissal of that federal action. *See Kane v. DeBlasio*, 623 F. Supp. 3d 339 (S.D.N.Y. Aug. 26, 2022). In reply, Respondents argue that the tolling provision is inapplicable in this instance, as Petitioners did not bring any Article 78 "claims" in the initial federal action. Under CPLR § 205(a):

> If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence

2

[* 2]

or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

CPLR § 205(a) has been held to apply to Article 78 proceedings. *See Richards v. Bd. of Fire Commissioners of Brentwood Fire Dist.*, 193 A.D.3d 743 (2d Dep't 2021) (applying CPLR § 205(a) to an Article 78 proceeding, and ultimately dismissing based on neglect); *see also Matter of Day Surgicals, Inc., v. State Tax Commn.*, 97 A.D.2d 865 (3d Dep't 1983).

First, is it clear that the Federal action was timely commenced in September of 2021 and was amended in January of 2023 to a proposed class action, thus tolling the statute of limitations for "all those who might subsequently participate in the suit as well as for the named plaintiffs." *Chavez v. Occidental Chem. Corp.*, 35 N.Y.3d 492, 501-502 (2020), quoting *American Pipe & Const. Cp. v. Utah*, 414 U.S. 538 (1974). Second, the prior federal action's dismissal was not a final judgment on the merits. The Southern District in *Kane* declined to exercise its supplemental jurisdiction over the state law claims presented in the federal complaint, and thus dismissed the complaint in its entirety, and explicitly did not address the arguments towards the state law claims. *See Kane v. DeBlasio*, 623 F. Supp. at 364; *Matter of Goldstein v. New York State Urban Dev. Corp.*, 64 A.D.3d 168, 175 (2d Dep't 2009). Third, the events giving rise to the causes of action in this petition clearly arise out of the same transactions or occurrences as those in the federal action. Both cases involve the same parties, the same mandate, the same exemption requests, and the same reviewal process involved in the denial of those requests. Fourth, this action, filed on February 11, 2023, was clearly commenced within the six-month period allowable under CPLR § 205(a), which began to run on August 30, 2023, pursuant to the federal court's dismissal in *Kane*.

In reply, Respondents argue that CPLR § 205(a) should not apply in this instance as the Petitioners did not bring forth any Article 78 "claims" within the *Kane* complaint. However, as argued by Petitioners, the case law and legislative history of § 205(a) are clear in that a subsequently filed action need not contain the same causes of action as the prior case. Instead, as here, the new claims need only arise from the same transaction or occurrences as those in the federal action. *See Titus v. Poole*, 145 N.Y. 414 (1895); *Harris v. U.S. Liab. Ins. Co.*, 746 F. 2d 152 (2d Cir. 1984).

3

[* 3]

For these reasons, this Court finds that Petitioners' Article 78 claims are not barred by the statute of limitations, and that branch of Respondents' cross-motion to dismiss is therefore denied.

## NOTICE OF CLAIM

Respondents next argue that Petitioners' NYCHRL, NYSHRL, and New York Constitution claims should be dismissed due to Petitioners' failure to file a notice of claim pursuant to General Municipal Law § 50e(1)(a) and Education Law § 3813. In response, Petitioners assert that the requirement to file a notice of claim as a condition precedent to filing suit does not apply to human rights claims. Failing this, Petitioners argue that the claims presented here should be subject to the public interest exception to the notice of claim requirement.

General Municipal Law § 50–e (1)(a) requires service of a notice of claim within 90 days after the claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation." Education Law § 3813 further requires that a notice of claim must be served within three months after the accrual of such a claim. However, as argued by Petitioners, human rights claims are not tort actions under Municipal Law § 50–e and are not personal injury, wrongful death, or damage to personal property claims under § 50–i, and therefore a notice of claim is not required under New York law. *See Margerum v. City of Buffalo*, 24 N.Y.3d 721, 730 (2015); *Seifullah v. City of New York*, 161 A.D.3d 1206, 1207 (2d Dep't 2018).

Based on this reasoning, this Court need not determine whether Petitioners' human rights claims fall within the public interest exception. For these reasons, that branch of Respondents' cross-motion to dismiss is therefore denied.

## *RES JUDICATA* AND COLLATERAL ESTOPPEL

Next, Respondents claim that Petitioners' claims are barred by the doctrines of *res judicata* or collateral estoppel. Respondents argue that Petitioners challenged the same vaccine mandate based on religious objections in the Southern District in *Kane*, and that this Court is bound by the findings made by the federal court in its dismissal of the action. Petitioners argue that as an initial matter, Respondents should be barred from claiming *res judicata* or collateral

4

estoppel based on the arguments made by Respondents' counsel during oral arguments in front of the Second Circuit, and in any event that the claims brought in this petition are not barred by either doctrine.

The doctrine of *res judicata* precludes a party from litigating "a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" *Josey v. Goord*, 9 N.Y.3d 386, 389 (2007), quoting *Matter of Hunter*, 4 N.Y.3d 260, 269 (2005). Under New York's transactional approach to the rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *id.* quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, (1981).

"Collateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" *Milione v. City of New York*, 153 A.D.3d 807, 808, (2d Dep't 2017), quoting *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015); *see also Clifford v. County of Rockland*, 140 A.D.3d 1108, 1109 (2d Dep't 2016). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (*Matter of Dunn*, 24 N.Y.3d 699, 704 (2015), citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 456 (1985).

Respondents argue that even though the Southern District did not reach the merits of the state law claims in *Kane*, the state law claims may still be barred in this action because the federal court addressed issues that are allegedly identical to those raised here. *See Henvill v. Metropolitan Transp. Auth.*, 2017 NY Slip Op 31559(U) (Sup Ct, New York County 2017 Index No. 162088/2014). Further, Respondents point out that the Southern District found that the Petitioners' "inability to teach their students safely in person presented more than a de minimus cost." *Kane v. DeBlasio*, 623 F. Supp. 3d 339, 363 (S.D.N.Y. Aug. 26, 2022). Therefore, Respondents argue that Petitioners' claims are barred by *res judicata* because they arise from the same factual grouping as the federal action.

Petitioners first claim that Respondents themselves are judicially estopped from making these arguments based on representations made by Respondents' counsel during oral arguments

[* 5]

in *Kane*. Specifically, Petitioners argue that Respondents have put forth that these are separate claims presented in the state action, and that the defense of prior litigation had not and would not be brought because they are "separate claims." (Petitioners Ex. 1, NYCEF #75 at 7). Notwithstanding this, Petitioners also assert that Respondents cannot claim *res judicata* as the Southern District declined to exercise supplemental jurisdiction over the state law claims and therefore no judgment on the merits exists for any of the state law claims. Further, Petitioners claim that there is no identity in the issues presented, as the standard of a *de minimums* cost in the federal context differs from an "undue burden" under the NYCHRL and NYSHRL. *See* N.Y.C. Admin. Code § 8-107(3)(b); N.Y. Exec. Law § 296(10)(d); *compare Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 64 (1977).

This Court agrees with Petitioners, in that the issues decided in federal court were not necessary to render the decision on those exclusively federal issues. Additionally, the Southern District's finding that of a *de minimus* cost differs from the standard to be applied by a state court under the NYCHRL and NYSHRL. Furthermore, the dismissal of the state claims was due to the Southern District's decline to exercise supplemental jurisdiction, not on the merits. Therefore, there is no judgment on the merits sufficient to support preclusion of any of these state claims.

For these reasons, that branch of Respondents' motion to dismiss is hereby denied.

### THE CITY OF NEW YORK AS A SEPARATE PARTY

Respondents next claim that Petitioners' claims against the City of New York (hereinafter "NYC") must be dismissed as NYC and the Department of Education (hereinafter "DOE") are legally distinct entities. Respondents argue that because Petitioners are all employees or former employees of the DOE, and that the DOE is the entity that ultimately reviewed and adjudicated the Petitioners' accommodation requests, NYC is an improper party. Petitioners argue that because NYC was in control of the Citywide panel that reviewed and upheld the initial determinations of the DOE, the actions of NYC were a direct and proximate cause of Petitioners' injuries, and therefore NYC is a proper party to this action.

While the Court does recognize that the DOE and NYC are treated as legally distinct entities, on this motion to dismiss, the Court is inclined to deny Respondents' motion regarding NYC at this time. The Court finds that the Petitioners have pled facts adequate to support that

6

NYC, via their creation and control of the Citywide panel, were a proximate cause of the injuries suffered by the individual Petitioners.

Therefore, that branch of Respondents' motion is hereby denied.

## EMPLOYMENT DISCRIMINATION CLAIM

Respondents next argue that Petitioners' claim under the Free Exercise Clause of the New York State Constitution must be dismissed because there is no cause of action for employment discrimination under the State Constitution. Failing this, Respondents further argue that Petitioners' claims should be dismissed for failure to state a claim. Petitioners argue in opposition that the New York State Constitution does support Petitioners' claims for Respondents alleged violations of the Equal Protections Clause.

Petitioners are correct that the Court of Appeals in *Brown v. State* did recognize private rights of action under the state Constitution, while Respondents are correct that these rights of action must be "necessary and appropriate to ensure the full realization of the rights they state." *Brown v. State*, 89 N.Y.2d 172, 189 (1996); *see also Lyles v. State*, 2 A.D.3d 694, 695 (2d Dep't 2003). However, Petitioners are also correct in that what Respondents' draw from the portions of these cases relate to a private right to a *damages* remedy under the state Constitution. Here, Petitioners do not seek damages under the New York Constitution, and seek only declaratory judgment that Respondents' religious accommodation policies violated the same. Respondents have identified no case law that supports requiring the unavailability of an alternative remedy for Petitioners' constitutional claim. At this juncture, this Court finds that the Petitioners have sufficiently pled a violation of the Equal Protection Clause of the New York Constitution.

Therefore, that branch of Respondents motion to dismiss is hereby denied.

## TEACHERS FOR CHOICE'S STANDING

Finally, Respondents argue that Petitioner TEACHERS FOR CHOICE (hereinafter TFC) lacks organizational and associational standing to bring suit as part of this petition. Respondents specifically argue that TFC, as an organization, cannot demonstrate that this case cannot be adjudicated without individual participation of each member.

7

[*7]

In order to have standing to bring suit, an organization must establish that (1) at least one of its members would have standing to sue, (2) the interest advanced is representative of the organizational purposes it asserts, and (3) the case would not require the participation of individual members to assert the claim or to afford complete relief to it. *See Patrolman's Benevolent Assn. of Southampton Town, Inc. v Town of Southampton*, 79 A.D.3d 891, 892 (2d Dep't 2010); *Mental Hygiene Legal Serv. v. Daniels*, 33 N.Y.3d 44, 51 (2019) quoting *N.Y. State Assn. of Nurse Anesthetists v. Novello*, 2 N.Y.3d 207, 211 (2004).

In opposition, Respondents highlight that the claims in the Petition that relate to TFC do not seek damages or monetary relief, outside of attorney's fees, for any of its members. Instead, TFC's claims are for declaratory and injunctive relief. The case of *Matter of Scarsdale Comm. for Fair Assessments v. Albanese*, cited by Petitioners, is on point in this regard. In that case, a hybrid proceeding pursuant to CPLR Article 78, the Appellate Division reversed the Supreme Court's granting of the Respondents' motion to dismiss for lack of organizational standing. *Matter of Scarsdale Comm. for Fair Assessments v. Albanese*, 202 A.D.3d 966, 968-969 (2d Dep't 2022). There, the organizational Petitioner sought only declaratory relief that the methodology used in a 2016 tax assessment violated the Real Property Tax Law and the state Constitution. *Id*. Similarly here, TFC seeks only declaratory and injunctive relief regarding the process used by Respondents for reasonable accommodation requests. Based on this analysis, this Court finds that TFC has proper organizational standing to bring suit as part of this action.

Therefore, that branch of Respondents' motion to dismiss is hereby denied.

This constitutes the decision and order of the Court.

Date: July 18, 2023                                      E N T E R

_____

HON. RALPH J. PORZIO
J.S.C.

8

[* 8]