Victory Vil. Tenants Assn., Inc. v Evergreen Communities, LLC (2023 NY Slip Op 04013)

Victory Vil. Tenants Assn., Inc. v Evergreen Communities, LLC

2023 NY Slip Op 04013

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

352 CA 22-00432

[*1]VICTORY VILLAGE TENANTS ASSOCIATION, INC., PLAINTIFF-RESPONDENT,
v
EVERGREEN COMMUNITIES, LLC, VICTORY VILLAGE MHC, LLC, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

ROWLANDS, LEBROU & GRIESMER, PLLC, SARATOGA SPRINGS (MICHAEL J. CATALFIMO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., ROCHESTER (JONATHAN C. PLACITO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered February 14, 2022. The order, insofar as appealed from, denied the motion of defendants Evergreen Communities, LLC, and Victory Village MHC, LLC, to dismiss the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendants Evergreen Communities, LLC, and Victory Village MHC, LLC, and dismissing the amended complaint against those defendants insofar as it seeks monetary damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a non-profit corporation composed of certain residents of nonparty Victory Village Manufactured Home Community (Victory Village), was formed to promote the interests of the Victory Village residents. Plaintiff commenced this action against two business entities associated with Victory Village, i.e., Victory Village MHC, LLC, and Evergreen Communities, LLC (collectively, defendants), as well as two individuals. In its amended complaint, plaintiff alleged that defendants imposed a $60 monthly increase in rent on all Victory Village tenants in 2017 for the purpose of "begin[ning] the process of providing residents with access to city water and sewer services," but failed to make any meaningful progress on that project in the more than two-year period from the time the monthly increase was imposed through the time the suit was commenced. In the same period, Victory Village's water and sewage systems continued to deteriorate, leading to sewage backups, foul smells, illnesses, and a week-long "boil water" notice. The amended complaint asserts seven causes of action, including breach of contract, unjust enrichment, and violations of Real Property Law
§ 233, and seeks declaratory and injunctive relief, as well as monetary damages including rent abatement. Defendants moved to dismiss the amended complaint against them on the ground that plaintiff lacked standing, and Supreme Court, inter alia, denied the motion. Defendants appeal.
"An association or organization has standing when 'one or more of its members would have standing to sue,' 'the interests it asserts are germane to its purposes,' and 'neither the asserted claim nor the appropriate relief requires the participation of the individual members' " (Matter of Melrose Credit Union v City of New York, 161 AD3d 742, 747 [2d Dept 2018], quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775 [1991]). It is undisputed that plaintiff meets the first two requirements.
With respect to the third requirement, "whether an association has standing to invoke the [*2]court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought" (Warth v Seldin, 422 US 490, 515 [1975]; see generally Society of Plastics Indus., 77 NY2d at 772-775; Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330, 333-334 [1984]). That is because, where an "association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy . . . will inure to the benefit of those members of the association actually injured" (Warth, 422 US at 515). Nevertheless, "[t]he fact that a limited amount of individuated proof may be necessary [to prove a claim] does not in itself preclude associational standing" (National Assn. of Coll. Bookstores, Inc. v Cambridge Univ. Press, 990 F Supp 245, 250 [SD NY 1997]; see New York State Natl. Org. for Women v Terry, 886 F2d 1339, 1349 [2d Cir 1989], cert denied 495 US 947 [1990]; see generally Dental Socy. of State of N.Y., 61 NY2d at 335). Indeed, "so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction" (Warth, 422 US at 511).
Here, inasmuch as the monthly increase impacted all tenants equally, and inasmuch as a plaintiff who "seeks only injunctive relief [can] prevail without a showing by its members" as to their individual damages (National Assn. of Coll. Bookstores, Inc., 990 F Supp at 248), we conclude that plaintiff has standing to seek declaratory and injunctive relief (see generally Hunt v Washington State Apple Advertising Commn., 432 US 333, 344 [1977]; Warth, 422 US at 511). However, to the extent that plaintiff seeks monetary damages, which would require individualized evidence from plaintiff's members, plaintiff lacks standing (see Matter of Scarsdale Comm. for Fair Assessments v Albanese, 202 AD3d 966, 968 [2d Dept 2022]; see generally Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit, 50 AD3d 1460, 1461 [4th Dept 2008]). We therefore modify the order by granting the motion in part and dismissing the amended complaint against defendants insofar as it seeks monetary damages.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court