Concerned Citizens of Forest Hills, Inc. v West Side Tennis Club
2026 NY Slip Op 03775
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Concerned Citizens of Forest Hills, Inc., et al., appellants,
v
West Side Tennis Club, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11009, (Index No. 726173/23)
Lara J. Genovesi, J.P.
Lillian Wan
Lourdes M. Ventura
Susan Quirk, JJ.

Super Law Group, LLC, New York, NY (Reed W. Super and Andie Altchiler of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York, NY (Akiva Shapiro and Michael Nadler of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for private and public nuisance and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered August 14, 2024. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Concerned Citizens of Forest Hills, Inc. (hereinafter Concerned Citizens), Christopher Jaray, Douglas Gilbert, and Emory Anderson, commenced this action to recover damages for public and private nuisance and to enjoin the defendant from violating the New York City Noise Control Code and from holding any large-scale events in 2024 at Forest Hills Stadium (hereinafter the Stadium) until a plan was implemented to reduce noise levels. The complaint asserted causes of action alleging public and private nuisance based on allegations of continuous noise and vibrations from concerts held at the Stadium. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court, among other things, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiffs appeal.
Contrary to the Supreme Court's determination, Concerned Citizens has organizational standing to seek injunctive relief. "An association or organization has standing when 'one or more of its members would have standing to sue,' 'the interests it asserts are germane to its purposes,' and 'neither the asserted claim nor the appropriate relief requires the participation of the individual members'" (Matter of Melrose Credit Union v City of New York, 161 AD3d 742, 747, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775; see Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330, 333-334).
Here, Concerned Citizens's members, as residents and owners of property adjacent to the Stadium, have standing to sue based upon the alleged noise emanating from the concerts into their homes. Further, Concerned Citizens's interest in enjoining the defendant from violating the New York City Noise Control Code and from holding large-scale events at the Stadium until a plan [*2]is implemented to reduce noise levels is germane to its purpose in maintaining the welfare and quality of life of its members (see Matter of Long Is. Pine Barrens Socy., Inc. v Central Pine Barrens Joint Planning & Policy Commn., 138 AD3d 996, 997). To the extent that the complaint seeks injunctive relief, such relief does not require the participation of the individual members of Concerned Citizens (see Matter of Scarsdale Comm. for Fair Assessments v Albanese, 202 AD3d 966, 968; Matter of Schlemme v Planning Bd. of City of Poughkeepsie, 118 AD3d 893, 895). However, to the extent that the complaint also seeks other relief, including, inter alia, money damages, such relief requires the participation of the individual members, inasmuch as those members would be required to prove they suffered damages from the alleged noise (see Matter of Scarsdale Comm. for Fair Assessments v Albanese, 202 AD3d at 968). Thus, Concerned Citizens lacks standing to seek those remedies on behalf of its members (see id.; Matter of Citizens Organized to Protect the Envt. v Planning Bd. of Town of Irondequoit, 50 AD3d 1460, 1461).
However, the Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211(a)(7). Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is afforded a liberal construction, the allegations are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d 83, 87-88). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v Orofino Realty Co., 40 NY2d 633, 635), and "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88).
The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; see Harris v Miranda, 219 AD3d 1498).
Under the circumstances of this case, the character of the alleged nuisance constitutes a public nuisance rather than a private nuisance (cf. Dudley v API Indus., Inc., ____ AD3d ____, 2025 NY Slip Op 07379). Therefore, the Supreme Court properly granted dismissal of the cause of action alleging private nuisance pursuant to CPLR 3211(a)(7).
"A private action to abate a public nuisance exists only if it is shown that the [plaintiff] suffered special injury beyond that suffered by the community at large. The injury must be different in kind than that suffered by the entire community, not simply different in degree" (Matter of Agoglia v Benepe, 84 AD3d 1072, 1077; see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292). Affording the complaint a liberal construction and according the plaintiffs the benefit of every possible inference, the complaint, as amplified by the affidavits of the individual plaintiffs, failed to plead a special injury that was different in kind than suffered by the community at large (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 293-294). Therefore, the Supreme Court also properly granted dismissal of the cause of action alleging public nuisance pursuant to CPLR 3211(a)(7).
Consequently, the Supreme Court properly granted dismissal of the cause of action seeking injunctive relief based upon the alleged nuisance pursuant to CPLR 3211(a)(7).
The parties' remaining contentions either need not be addressed in light of our determination or are not properly before this Court.
GENOVESI, J.P., WAN, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court